# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANDREW BEISSEL, an individual; J&B ENTERPRISES, INC., a Colorado Corporation, individually and on behalf of all others similarly situated, | )<br>)<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) No. CIV-21-903-R<br>) |
| WESTERN FLYER EXPRESS, LLC, an Oklahoma Limited Liability Company, | )<br>)<br>) |
| Defendants. | ) |

## ORDER

Before the Court is the Motion to Dismiss filed by Defendant Western Flyer Express, LLC pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. No. 24).[1] Plaintiffs responded in opposition to the motion and Defendants filed a reply in support of their position. (Doc. Nos. 26 and 27). Upon consideration of the parties' submissions, the Court finds as follows: the Court GRANTS Defendant's Motion to Dismiss and grants Plaintiffs leave to amend their Complaint.

Plaintiffs allege Defendant undertook a deceptive, three-phase program to lure unsuspecting truck operators into "purchasing" a "driving opportunity" whereby the drivers would work as contractors for Defendant while paying off a lease-to-purchase tractor-trailer over a two-year period. Doc. No. 2, ¶¶ 1, 16, 18. Phase one allegedly was an

---

[1] The Northern District of Oklahoma disposed of Defendant's Motion to Dismiss due to *forum non conveniens* and motion to change venue by transferring the case to this Court. *See* Doc. No. 31. In the instant case, the only issue at bar is Defendant's Motion to Dismiss Plaintiffs' Oklahoma Deceptive Trade Practices Act claim.

advertising and recruiting blitz across online job boards, social media, direct advertising on Defendant's website, and the use of direct and third-party recruiters. *Id.* ¶ 17. The advertising lured drivers by offering at least $1115 a week, driving as many miles as they wanted, and the opportunity to own their own truck in twenty-four months. *Id.* ¶ 18. Phase two allegedly involved bringing potential drivers into Defendant's Oklahoma headquarters to further sell operators on the benefits of the driving opportunity. *Id.* ¶ 25. The final phase involved drivers "purchasing the Driving Opportunity" by signing an "Independent Contractor Agreement" and a "Vehicle Lease Agreement," then allegedly "bilk[ing]" drivers out of their labor to undercut rivals. *Id* ¶¶ 2, 16, 33.

Plaintiffs claim Defendant knew at the time it made its representations that they were false and misleading. *Id.* ¶¶ 24, 28–31. It also allegedly omitted vital information such as a driver turnover rate of "over 100% annually," much lower actual take-home pay, and higher driver costs. *Id.* ¶¶ 30–31. The alleged goal of the plot was for Defendant to undercut rival shippers in the marketplace and intentionally leave drivers like Plaintiff Beissel bearing the cost. *Id*. ¶ 33. Based on this alleged abusive scheme, Plaintiffs sued on behalf of themselves and similarly situated drivers in the Northern District of Oklahoma claiming deceptive and unfair trade practices under the Oklahoma Consumer Protection Act, Okla. Stat. tit. 15 §§ 751 *et seq.*, deceptive trade practices under the Oklahoma Deceptive Trade Practices Act (ODTPA), Okla. Stat. tit. 78 §§ 52 *et seq.*, common law actual and constructive fraud, and common law negligence *per se*. *Id.* The instant motion addresses the ODTPA claim.

In considering a Motion to Dismiss under Rule 12(b)(6), the Court must determine whether a plaintiff has stated a claim upon which relief may be granted. The Court grants the Motion when the Complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Complaint must contain enough "facts to state a claim to relief that is plausible on its face" [*id*. at 570], and the factual allegations "must be enough to raise a right to relief above the speculative level." *Id*. at 555 (citations omitted). The Court must accept all the well-pled allegations of the Complaint as true and must construe the allegations in the light most favorable to Plaintiff. *Id*.; *Alvarado v. KOB–TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007). However, the Court does not accept as true those allegations that are conclusory in nature. *Erikson v. Pawnee Cnty. Bd. of Cnty. Comm'rs*, 263 F.3d 1151, 1154–55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1109–10 (10th Cir. 1991).

Defendant argues that the ODTPA does not provide consumers a private right of action. Doc. 24 at 17–19. Plaintiffs counter that as independent trucking contractors, they are in competition with Defendant—a trucking company. Doc. No. 26 at 7–8. As stated in *Conatzer v. American Mercury Insurance Co.*, 15 P.3d 1252, 1254 (Okla. Civ. App. 2000): "It has been definitively established that [the Deceptive Trade Practices Acts] protect[s] competing business interests and do[es] not present a basis for suit by consumers." Judge Friot from this District has also found the ODTPA provides no private right of action to

3

consumers, only competitors. *See Thomas v. Metropolitan Life Ins. Co.*, 540 F. Supp. 2d 1212, 1228 (W.D. Okla. 2008).

On the face of the Complaint, the underlying contract looks like a consumer contract. Plaintiffs leased-to-purchase a tractor-trailer and served as independent contractors for Defendant as part of paying off the lease-to-purchase agreement. Plaintiffs themselves even call the arrangement a "purchase" in their Complaint. Plaintiffs argue that as independent contractors they lost out of potential competing opportunities by engaging in the alleged scam. However, their Complaint makes no mention of lost competing business opportunities or contracts as a result in participating in Defendant's program, nor does it describe how purchasing the driving opportunity led to such losses. The Court concludes this argument fails without additional facts that make a competition claim plausible.

For the reasons stated above, Defendants' Motion to Dismiss is GRANTED. Plaintiffs are granted to leave amend their Complaint within 14 days of the date of this Order.

IT IS SO ORDERED on this 1st day of October 2021.

*[Signature: David L. Russell]*

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE