IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANDREW BEISSEL, an individual; ) | |
| J&B ENTERPRISES, INC., a Colorado ) | |
| Corporation, individually and on behalf ) | |
| of all others similarly situated, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. CIV-21-903-R |
| ) | |
| WESTERN FLYER EXPRESS, LLC, ) | |
| an Oklahoma Limited Liability Company, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Before the Court is the Motion to Dismiss, and Opening Brief in Support filed by Defendant Western Flyer Express, LLC pursuant to Fed. R. Civ. P. 12(b)(6). Doc. No. 41. Defendant seeks to dismiss Plaintiffs' second claim for relief based on the Oklahoma Deceptive Trade Practices Act, 78 O.S. §§ 51 *et seq*. ("ODTPA"). Plaintiffs responded in opposition to the motion and Defendants filed a reply in support of their position. Doc. Nos. 54 and 56. Upon consideration of the parties' submissions, the Court GRANTS Defendant's Motion to Dismiss.

In their Amended Class Action Complaint ("Amended Complaint") [Doc. No. 37], Plaintiffs allege Defendant undertook a deceptive, three-phase program to lure unsuspecting truck operators into "purchasing" a "driving opportunity" whereby the drivers would work as contractors for Defendant while paying off a lease-to-purchase tractor-trailer over a two-year period. Doc. No. 37, ¶¶ 1, 16, 18. Phase one allegedly was

an advertising and recruiting blitz across online job boards, social media, direct advertising on Defendant's website, and the use of direct and third-party recruiters. *Id.* ¶ 17. The advertising lured drivers by offering at least $1115 a week, driving as many miles as they wanted, and the opportunity to own their own truck in twenty-four months. *Id.* ¶ 18. Phase two allegedly involved bringing potential drivers into Defendant's Oklahoma headquarters to further sell operators on the benefits of the driving opportunity. *Id.* ¶ 25. The final phase involved drivers "purchasing the Driving Opportunity" by signing an "Independent Contractor Agreement" and a "Vehicle Lease Agreement," then allegedly "bilk[ing]" drivers out of their labor to undercut rivals. *Id.* ¶¶ 2, 16, 32, 33.

Plaintiffs claim Defendant knew at the time it made its representations that they were false and misleading. *Id.* ¶¶ 24, 28–31. It also allegedly omitted vital information such as a driver turnover rate of "over 100% annually," much lower actual take-home pay, and higher driver costs. *Id.* ¶¶ 30–31. The alleged goal of the plot was for Defendant to undercut rival shippers in the marketplace and intentionally leave drivers like Plaintiff Beissel bearing the cost. *Id*. ¶ 33. Based on this alleged abusive scheme, Plaintiffs sued on behalf of themselves and similarly situated drivers in the Western District of Oklahoma claiming deceptive and unfair trade practices under the Oklahoma Consumer Protection Act, 15 O.S. §§ 751 *et seq.*, deceptive trade practices under ODTPA, common law actual and constructive fraud, and common law negligence *per se*. *Id.* In an earlier order, the Court dismissed the ODTPA claim because it failed to plead particularized facts demonstrating Plaintiffs lost "competing business opportunities or contracts as a result of participating in Defendant's program, [or] how purchasing the driving opportunity led to such losses." Doc.

No. 36 at 4. Following the Court's order, Plaintiffs filed their Amended Complaint in which they plead that as independent contractors who signed the lease-to-purchase agreements, the drivers lost the opportunity to operate for other carriers. Doc. No. 37 ¶ 57. Plaintiffs further plead that had they had such an opportunity to drive for other carriers, the Plaintiffs would effectively be Defendant's competitors. *Id*. In sum, Plaintiffs ODTPA claim in the Amended Complaint is that Defendant's alleged scheme effectively restrained Plaintiffs' ability to operate as independent contractors. *Id*. Defendant subsequently filed the instant motion, arguing Plaintiffs have failed to plead sufficient facts to demonstrate they are competitors as required pursuant to the ODTPA.

In considering a Motion to Dismiss under Rule 12(b)(6), the Court must determine whether a plaintiff has stated a claim upon which relief may be granted. The Court grants the Motion when the Amended Complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face" [*id*. at 570], and the factual allegations "must be enough to raise a right to relief above the speculative level." *Id*. at 555 (citations omitted). The Court must accept all the well-pled allegations of the Amended Complaint as true and must construe the allegations in the light most favorable to Plaintiffs. *Id*.; *Alvarado v. KOB–TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007). However, the Court does not accept as true those allegations that are conclusory in nature. *Erikson v. Pawnee Cnty. Bd. of Cnty. Comm'rs*, 263 F.3d 1151, 1154–55 (10th Cir. 2001). "[C]onclusory allegations without

supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1109–10 (10th Cir. 1991).

As the Court found in its prior order, "[i]t has been definitively established that [the ODTPA] protect[s] competing business interests and do[es] not present a basis for suit by consumers." *Conatzer v. American Mercury Insurance Co.*, 15 P.3d 1252, 1254 (Okla. Civ. App. 2000). The ODTPA thus provides a private right of action only to competitors. *See Thomas v. Metropolitan Life Ins. Co.*, 540 F. Supp. 2d 1212, 1228 (W.D. Okla. 2008). In its prior order, the Court held that Plaintiffs had failed to make a plausible showing that they were in competition with Defendant, and it granted Plaintiffs leave to amend so they could plead the necessary facts for an ODTPA claim. Doc. No. 36 at 4. However, the new allegations in Plaintiffs' Amended Complaint are conclusory in nature and insufficient to demonstrate that Plaintiffs were plausibly competing with the Defendant at the time they agreed to the vehicle lease and independent contractor agreements.

Plaintiffs plead that as independent contractors they could have worked for competing companies or attempted to go into business on their own, but lost these opportunities because Defendant fraudulently locked them into the lease-to-purchase scheme. Doc. No. 37 at 22. They plead no specific facts that plausibly show that Plaintiffs were in competition with Defendant at the time they agreed to participate in the driving opportunity. As cited in the standard above, "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall*, 935 F.2d at 1109–10. In short, Plaintiffs have failed to articulate the necessary facts that

would plausibly demonstrate they were in competition with Defendant. Therefore, they have failed to plead a claim pursuant to the ODTPA.

For the reasons stated above, Defendants' Motion to Dismiss is GRANTED.

IT IS SO ORDERED on this 14th day of December 2021.

*David L. Russell*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE