UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANDREW BEISSEL, an individual, J&B ENTERPRISES, INC., a Colorado Corporation, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>WESTERN FLYER EXPRESS, LLC,<br><br>    Defendant. | Case No. CIV-21-903-R |

**ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT (ECF NO. 81)**

    The Court, having received and carefully considered the Motion for Preliminary Approval of Class and Collective Action Settlement (the "Motion") filed by Plaintiffs Andrew Beissel and J&B Enterprises, Inc. (collectively, "Plaintiffs") at ECF No. 81, and Defendant Western Flyer Express, LLC ("Defendant" or "WFX") having not opposed the Motion, hereby **GRANTS** the Motion.

    In the operative Second Amended Complaint (ECF No. 79) of the instant lawsuit, *Andrew Beissel, et al. v. Western Flyer Express, LLC*, Case No. CIV-21-903-R (the "Action"), Plaintiffs allege that Defendant violated federal and Oklahoma law with respect to all current and former individuals who provide(d) transportation services for WFX within the United States, who entered into an Independent Contractor Agreement, or a similarly styled agreement, with WFX from December 7, 2017 to July 19, 2022. Throughout the relevant time period, Plaintiffs allege that Defendant committed violations

1

as to Plaintiffs, Oklahoma Class Members, and FLSA Collective Members by inducing them to join a lease operator program which failed to provide all advertised benefits and/or improperly paid them. On this basis, Plaintiffs assert claims including, without limitation, deceptive and unfair trade practices under the Oklahoma Consumer Protection Act (15 Okla. Stat. §§ 751, et seq.); unlawful sale of business opportunities under the Oklahoma Business Opportunity Sales Act (71 Okla. Stat. §§ 801, et seq.); fraud and misrepresentation; negligence; failure to pay wages under the Fair Labor Standards Act (29 U.S.C. §§ 201, et seq.); and violation of federal forced labor statutes (18 U.S.C. §§ 1581, et seq.).

After discovery and investigation by Plaintiffs' counsel, the Parties entered into private mediation with respected neutral mediator Michael Russell in an attempt to resolve the claims alleged by Plaintiffs. As a result of the mediation session on July 19, 2022, the Parties reached a Settlement that fully resolves the Action. The Parties then executed a Joint Stipulation of Settlement and Release of Class and Collective Action ("Settlement" or "Settlement Agreement") on or about December 5, 2022.

The Court has reviewed, among other things, whether the proposed Settlement is within the range of possible approval, if the Notice of Proposed Class and Collective Action Settlement and Hearing Date for Court Approval ("Class Notice") to Oklahoma Class Members and FLSA Collective Members (collectively, "Class Members") is appropriate, and whether a Final Approval and Fairness Hearing should be scheduled.

Having reviewed the papers and documents presented, having considered the matter, and good cause appearing, the Court hereby **ORDERS** as follows:

1. This Order incorporates by reference the definitions in the Settlement, and all terms defined therein shall have the same meaning in this Order as set forth in the Settlement.

2. The Court hereby **GRANTS** preliminary approval of the terms and conditions contained in the Settlement, filed at ECF No. 81-2, as to the Oklahoma Class. The Court preliminarily finds that the terms of the Settlement appear to be within the range of possible approval, pursuant to Federal Rule of Civil Procedure 23 and applicable law.

3. The Court finds on a preliminary basis that: (1) the settlement amount is fair and reasonable as to the Oklahoma Class Members when balanced against the probable outcome of further litigation relating to class certification, liability and damages issues, and potential appeals; (2) the significant discovery, investigation, research, and litigation that have been conducted such that counsel for the Parties at this time are able to reasonably evaluate their respective positions; (3) settlement at this time will avoid substantial costs, delay, and risks that would be presented by the further prosecution of the Action; and (4) the proposed Settlement was reached as the result of intensive, serious, and non-collusive negotiations between the Parties. Accordingly, the Court preliminarily finds that the Parties entered into the Settlement in good faith.

4. The Court hereby **GRANTS** conditional certification of the provisional Oklahoma Class, in accordance with the Settlement, for the purposes of this Settlement only. The Oklahoma Class is defined as all current and former individuals who provide(d) transportation services for WFX within the United States, who entered into an Independent

Contractor Agreement, or a similarly styled agreement, with WFX from December 7, 2017 to July 19, 2022.

5. The Court hereby **GRANTS** approval of the terms and conditions contained in the Settlement as to the FLSA Collective. The Court finds that the terms of the Settlement are within the range of possible approval, pursuant to the Fair Labor Standards Act and applicable law.

6. The Court finds that: (1) the settlement amount is fair and reasonable as to the FLSA Collective Members when balanced against the probable outcome of further litigation relating to collective certification, liability and damages issues, and potential appeals; (2) the significant formal and informal discovery, investigation, research, and litigation that have been conducted such that counsel for the Parties at this time are able to reasonably evaluate their respective positions; (3) settlement at this time will avoid substantial costs, delay, and risks that would be presented by the further prosecution of the Action; and (4) the proposed Settlement was reached as the result of intensive, serious, and non-collusive negotiations between the Parties. Accordingly, the Court finds that the Parties entered into the Settlement in good faith.

7. The Court hereby **GRANTS** conditional certification of the FLSA Collective, in accordance with the Settlement, for the purposes of this Settlement only. The FLSA Collective is defined as all current and former individuals who provided transportation services for WFX within the United States, between December 7, 2017 and July 19, 2022, who (1) entered into an Independent Contractor agreement with WFX (2)

were classified as independent contractors, and (3) sign or cash the settlement check(s) they receive as a result of this Settlement.

8. The Court hereby authorizes the retention of CPT Group as Settlement Administrator for the purpose of the Settlement, with reasonable administration costs estimated not to exceed $21,500.

9. The Court hereby conditionally appoints Schneider Wallace Cottrell Konecky LLP and the Law Offices of Robert S. Boulter as Class Counsel for the Oklahoma Class and the FLSA Collective. The Court also hereby conditionally appoints Plaintiff Andrew Beissel as the Class Representative for the Oklahoma Class and the FLSA Collective.

10. The Court hereby **APPROVES** the Class Notice attached to the Settlement as **Exhibit 1**. The Court finds that the Class Notice, along with the related notification procedure contemplated by the Settlement, constitute the best notice practicable under the circumstances and are in full compliance with the applicable laws and the requirements of due process. The Court further finds that the Class Notice appears to fully and accurately inform the Class Members of all material elements of the proposed Settlement, of their right to be excluded from the Settlement, and of their right and opportunity to object to the Settlement.

11. The Court hereby authorizes dissemination of the Class Notice to Class Members. Subject to the terms of the Settlement, the Class Notice shall be mailed via first-class mail to the most recent known address of each Class Member within the timeframe specified in the Settlement. The Parties are authorized to make non-substantive changes to

the proposed Class Notice that are consistent with the terms of the Settlement and this Order.

12.  The Court hereby **APPROVES** the proposed procedure for Class Members to request exclusion from the Settlement, which is to submit a written statement requesting exclusion to the Settlement Administrator no later than the time period permitted under the Settlement. Any Class Member who duly submits a written Opt-Out Request shall not be a Class Participant, shall be barred from participating in the Settlement, and shall receive no benefit from the Settlement. All Class Members who do not opt out of the Action are bound by the terms of the Settlement.

13.  The Court **PRELIMINARILY APPROVES** Plaintiffs' counsel's request for attorneys' fees of up to 33.33% of the Gross Settlement Amount, or $1,633,170, plus their costs, not to exceed $100,000.

14.  The Court **ORDERS** that Plaintiffs' counsel shall file a motion for final approval of the Settlement, with the appropriate declarations and supporting evidence, within 30 days after the expiration of the Opt-Out Deadline.

15.  The Court **ORDERS** that Plaintiffs' counsel shall file a request for approval of the fee and cost award and of the service award to the Class Representative, with the appropriate declarations and supporting evidence, within 30 days after the expiration of the Opt-Out Deadline, to be heard at the same time as the motion for final approval of the Settlement. The request for approval of the fee and cost award and of the service award may be brought as part of an overall final approval motion or via separate, standalone motion.

16.     The Court **ORDERS** that each Class Member shall be given a full opportunity to object to the proposed Settlement and request for attorneys' fees, and to participate at the Final Approval and Fairness Hearing, which the Court sets to commence on Thursday, July 6th, 2023 at 10:00 a.m., in Courtroom 302 (Third Floor) of the William J. Holloway, Jr. United States Courthouse, 200 N.W. 4th Street, Oklahoma City, Oklahoma 73102. Any Class Member seeking to object to the proposed Settlement must file such objection in writing by mailing it to the Court, Class Counsel, and Defense Counsel, as set forth in the Class Notice.

17.     Accordingly, good cause appearing, the Court hereby **ORDERS** that the Class Notice shall be disseminated in accordance with the Settlement and adopts the following dates and deadlines:

| Preliminary Approval Date | Wednesday, January 18, 2023 |
|---|---|
| Deadline for WFX to provide Settlement Administrator with the class list and workweek information | Within 14 days after the Preliminary Approval Date |
| Deadline for Settlement Administrator to mail the Class Notice to Class Members | Within 28 days after the Preliminary Approval Date |
| Deadline for Class Members to postmark requests to opt-out or file objections to the Settlement ("Opt-Out Deadline") | 60 days after the Settlement Administrator mails the Class Notice |
| Deadline for Settlement Administrator to provide all counsel and the Court with a final report (a) the final pro rata portion of each Class Participant and (b) the final number of Opt-Outs | Within 10 days after the Opt-Out Deadline |
| Deadline for filing of final approval motion | Within 30 days after the Opt-Out Deadline |
| Deadline for Settlement Administrator to provide all Parties' counsel with a statement detailing the notice administration process and settlement administration costs | At least 7 days prior to the Court's Final Approval and Fairness Hearing |

| Final Approval and Fairness Hearing | Thursday, July 6th, 2023 at 10:00 a.m. |
|---|---|
| Effective Date | The date when all of the following events have occurred: (a) the Settlement has been executed by all Parties and by Class Counsel and Defense Counsel; (b) the Court has given preliminary approval to the Settlement; (c) the Class Notice has been disseminated to the Class Members, providing them with an opportunity to opt-out of the Settlement; (d) the Court has held the Final Approval and Fairness Hearing and entered a final order and judgment certifying the Class and approving the Settlement; and (e) in the event there are written objections filed prior to the Final Approval and Fairness Hearing that are not later withdrawn, the later of the following events: when the period for filing any appeal, writ, or other appellate proceeding opposing the Settlement has elapsed without any appeal, writ or other appellate proceeding having been filed; or any appeal, writ, or other appellate proceeding opposing the Settlement has been dismissed finally and conclusively with no right to pursue further remedies or relief; or any appeal, writ, or other appellate proceeding has upheld the Court's final order with no right to pursue further remedies or relief. The Settlement shall not become effective until the Court's order approving the Settlement is completely final and there is no further recourse by an appellant or objector who seeks to contest the Settlement. In |

|  | the event that no objections are filed, the Effective Date shall be after steps (a) through (d) have been completed. |
|---|---|
| Deadline for WFX to remit the Gross Settlement Amount to the Settlement Administrator | Within 7 days after the Effective Date |
| Deadline for Settlement Administrator to make payments under the Settlement to Class Participants, Plaintiff for the Service Award, Class Counsel for attorneys' fees and costs, and itself for settlement administration expenses | Within 14 days after the Effective Date |
| Deadline for Settlement Administrator to redistribute uncashed check funds to Class Participants | As soon as practicable after the 180-day check-cashing deadline for individual settlement payments |
| Deadline for Settlement Administrator to revert uncashed check funds to *cy pres* recipient | As soon as practicable after the check-cashing deadline for redistribution checks |

18. The Court further **ORDERS** that, pending further order of this Court, all proceedings in the Action, except those contemplated herein and in the Settlement, are stayed, and all deadlines are vacated.

19. The Court **ORDERS** that to facilitate administration of this Settlement, all Class Members are hereby enjoined from filing or prosecuting any claims, cases, suits or administrative proceedings regarding claims released by the Settlement unless and until such Class Members have submitted Opt-Out Requests to the Settlement Administrator.

20. In the event that any of the following occur, the proposed Settlement subject to this Order and all evidence and proceedings had in connection with the Settlement shall be null and void, shall be vacated, and the Parties shall revert back to their respective positions as of before entering into the Settlement Agreement: (1) the Settlement does not become effective in accordance with the terms of the Settlement

9

Agreement for any reason; (2) the Court does not execute and file a final approval order and judgment for any reason; or (3), the Settlement or final approval order and judgment are terminated, cancelled, or fail to become effective for any reason.

21.     The Court may, for good cause, extend any of the deadlines set forth in this Order or adjourn or continue the Final Approval and Fairness Hearing without further notice to the Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the Settlement.

**IT IS SO ORDERED** this 18th day of January, 2023.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE