UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANDREW BEISSEL, an individual, J&B ENTERPRISES, INC., a Colorado Corporation, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WESTERN FLYER EXPRESS, LLC,<br><br>Defendant. | Case No. CIV-21-903-R |

**ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL
OF CLASS AND COLLECTIVE ACTION SETTLEMENT AND MOTION FOR
ATTORNEYS' FEES AND COSTS AND SERVICE AWARD (ECF Nos. 92-93)**

Plaintiffs, Andrew Beissel and J&B Enterprises, Inc. (collectively, "Plaintiffs"), and Defendant, Western Flyer Express, LLC ("Defendant" or "WFX") have reached an Amended Joint Stipulation of Settlement and Release of Class and Collective Action ("Settlement" or "Settlement Agreement"). The Court held a Final Approval and Fairness Hearing on November 3, 2023, at 9:00 a.m. The Court, having carefully considered the Motion for Final Approval of Class and Collective Action Settlement and Motion for Attorneys' Fees and Costs and Service Award (the "Motions") filed by Plaintiffs at ECF Nos. 92-93, and Defendant having not opposed the Motions, hereby **GRANTS** the Motions.

In the operative Second Amended Class Action Complaint (ECF No. 79) of the instant lawsuit, *Andrew Beissel, et al. v. Western Flyer Express, LLC*, Case No. CIV-21-903-R (the "Action"), Plaintiffs allege that Defendant violated federal and Oklahoma law

1

with respect to all current and former individuals who provide(d) transportation services for WFX within the United States, who entered into an Independent Contractor Agreement, or a similarly styled agreement, with WFX. Throughout the relevant time period, Plaintiffs allege that Defendant committed violations as to Plaintiffs, Oklahoma Class Members, and FLSA Collective Members by inducing them to join a lease operator program which failed to provide all advertised benefits and/or improperly paid them. On this basis, Plaintiffs assert claims including, without limitation, deceptive and unfair trade practices under the Oklahoma Consumer Protection Act (15 Okla. Stat. §§ 751, et seq.); unlawful sale of business opportunities under the Oklahoma Business Opportunity Sales Act (71 Okla. Stat. §§ 801, et seq.); fraud and misrepresentation; negligence; failure to pay wages under the Fair Labor Standards Act (29 U.S.C. §§ 201, et seq.); and violation of federal forced labor statutes (18 U.S.C. §§ 1581, et seq.).

After discovery and investigation by Plaintiffs' counsel, the Parties entered into private mediation with respected neutral mediator Michael Russell in an attempt to resolve the claims alleged by Plaintiffs. As a result of the mediation session on July 19, 2022, the Parties reached the Settlement, which fully resolves the Action. The Parties executed the initial Settlement Agreement on or about December 5, 2022 and the amended Settlement Agreement on or about April 26, 2023.

Plaintiffs filed their Unopposed Motion for Preliminary Approval of Class and Collective Action Settlement on January 6, 2023. *See* ECF No. 81. The Court granted that motion and entered the Order Granting Plaintiffs' Unopposed Motion for Preliminary Approval of Class and Collective Action Settlement ("Preliminary Approval Order") on

January 18, 2023. *See* ECF No. 83. The Court amended the Preliminary Approval Order on May 19, 2023. *See* ECF No. 88. Now before the Court is the last stage of the settlement approval process: final approval of the Settlement, including Plaintiffs' request for approval of attorneys' fees and costs and the service award.

Having reviewed the papers and documents presented, having considered the matter, and good cause appearing, the Court hereby **ORDERS** as follows:

1. This Order incorporates by reference the definitions in the Settlement, and all terms defined therein shall have the same meaning in this Order as set forth in the Settlement.

2. The Court has jurisdiction over the claims of the Oklahoma Class Members and FLSA Collective Members (collectively, "Class Members") asserted in this proceeding and over all Parties to the Action.

3. The Court finds that one Class Member has objected to the Settlement and zero Class Members have requested exclusion from the Settlement.

4. The Court grants final approval of the terms and conditions contained in the Settlement, filed at ECF No. 87-2, as to the Oklahoma Class. The Court finds that the terms of the Settlement are within the range of approval, pursuant to Federal Rule of Civil Procedure 23 and applicable law.

5. The Court finds that: (1) the settlement amount is fair and reasonable as to the Oklahoma Class Members when balanced against the probable outcome of further litigation relating to class certification, liability and damages issues, and potential appeals; (2) significant discovery, investigation, research, and litigation that have been conducted

such that counsel for the Parties at this time are able to reasonably evaluate their respective positions; (3) settlement at this time will avoid substantial costs, delay, and risks that would be presented by the further prosecution of the Action; and (4) the proposed Settlement was reached as the result of intensive, serious, and non-collusive negotiations between the Parties. Accordingly, the Court finds that the Parties entered into the Settlement in good faith.

6. The Court makes final its certification of the Oklahoma Class, in accordance with the Settlement, for the purposes of this Settlement only. The Oklahoma Class is defined as all current and former individuals who provide(d) transportation services for WFX within the United States, who entered into an Independent Contractor Agreement, or a similarly styled agreement, with WFX from December 7, 2017 to March 11, 2021.

7. The Court hereby confirms its approval of the terms and conditions contained in the Settlement as to the FLSA Collective, as set forth in the Preliminary Approval Order. The Court has already found that the terms of the Settlement represent a fair and reasonable resolution of a *bona fide* dispute, and are within the range of possible approval, pursuant to the FLSA and applicable law.

8. The Court found that: (1) the settlement amount is fair and reasonable as to the FLSA Collective Members when balanced against the probable outcome of further litigation relating to collective certification, liability and damages issues, and potential appeals; (2) the significant formal and informal discovery, investigation, research, and litigation that have been conducted such that counsel for the Parties at this time are able to reasonably evaluate their respective positions; (3) settlement at this time will avoid

substantial costs, delay, and risks that would be presented by the further prosecution of the Action; and (4) the proposed Settlement was reached as the result of intensive, serious, and non-collusive negotiations between the Parties. Accordingly, the Court finds that the Parties entered into the Settlement in good faith.

9. The Court makes final its certification of the FLSA Collective, in accordance with the Settlement, for the purposes of this Settlement only. The FLSA Collective is defined as all current and former individuals who provided transportation services for WFX within the United States, between December 7, 2017 and March 11, 2021, who (1) entered into an Independent Contractor agreement with WFX (2) were classified as independent contractors, and (3) sign or cash the settlement check(s) they receive as a result of this Settlement.

10. The Court finally appoints Plaintiffs Andrew Beissel and J&B Enterprises, Inc. as the Class Representatives for the Oklahoma Class and the FLSA Collective.

11. The Court finally appoints Schneider Wallace Cottrell Konecky LLP and the Law Offices of Robert S. Boulter as Class Counsel for the Oklahoma Class and the FLSA Collective.

12. The Court finds that the approved Notice of Proposed Class and Collective Action Settlement and Hearing Date for Court Approval ("Class Notice") constituted the best notice practicable under the circumstances and is in full compliance with the applicable laws and the requirements of due process. The Court further finds that the Class Notice fully and accurately informed the Class Members of all material elements of the proposed Settlement, of their right to be excluded from the Settlement, and of their right

and opportunity to object to the Settlement. A full opportunity has been afforded to the Class Members to participate in the Final Approval and Fairness Hearing and all Class Members and other persons wishing to be heard have been heard.

13. The Court has reviewed the objection of Class Member Earl Appleberry (ECF No. 91) and overrules it on the grounds that it raises an individualized grievance that is unrelated to the Settlement and therefore provides no basis to deny final approval of the Settlement. As Class Member Earl Appleberry's objection is denied, he remains a Class Participant (as that term is defined in the Settlement at Paragraph I.9). No other Class Members objected to the Settlement.

14. The Court determines that all Class Members, since none timely and properly submitted an Opt-Out Request, are Class Participants (as that term is defined in the Settlement at Paragraph I.9) and are bound by this Order and the Judgment.

15. The Court finally approves Class Counsel's request for attorneys' fees of 33.33% of the Gross Settlement Amount, or $1,633,170. This amount is justified under the common fund doctrine, the range of awards ordered in this District and Circuit, the excellent results obtained, the substantial risk borne by Class Counsel in litigating this matter, the high degree of skill and quality of work performed, the financial burden imposed by Class Counsel's representation of Plaintiffs and the Class Members on a contingency basis, and the additional work required of Class Counsel to bring this Settlement to conclusion. The Court finds the fee award is further supported by a lodestar crosscheck, whereby it finds that the hourly rates of Schneider Wallace Cottrell Konecky

LLP and the Law Offices of Robert S. Boulter are reasonable, and that the estimated hours expended are reasonable.

16. The Court finally approves Class Counsel's request for litigation costs in the amount of $6,473.55.

17. The Court finally approves the Service Award of $25,000 for the Class Representatives and finds that the award is fair and reasonable for the work the Class Representatives provided to the Oklahoma Class and FLSA Collective and the broader release that the Class Representatives executed than the Class Members.

18. The Court hereby confirms the appointment of CPT Group as Settlement Administrator, and approves its reasonable administration costs of $21,500.

19. The Court approves the following implementation schedule:

| | |
|---|---|
| Effective Date | The date when all of the following events have occurred: (a) the Settlement has been executed by all Parties and by Class Counsel and Defense Counsel; (b) the Court has given preliminary approval to the Settlement; (c) the Class Notice has been disseminated to the Class Members, providing them with an opportunity to opt-out of the Settlement; (d) the Court has held the Final Approval and Fairness Hearing and entered a final order and judgment certifying the Class and approving the Settlement; and (e) in the event there are written objections filed prior to the Final Approval and Fairness Hearing that are not later withdrawn, the later of the following events: when the period for filing any appeal, writ, or other appellate proceeding opposing the |

| | Settlement has elapsed without any appeal, writ or other appellate proceeding having been filed; or any appeal, writ, or other appellate proceeding opposing the Settlement has been dismissed finally and conclusively with no right to pursue further remedies or relief; or any appeal, writ, or other appellate proceeding has upheld the Court's final order with no right to pursue further remedies or relief. The Settlement shall not become effective until the Court's order approving the Settlement is completely final and there is no further recourse by an appellant or objector who seeks to contest the Settlement. In the event that no objections are filed, the Effective Date shall be after steps (a) through (d) have been completed. |
|---|---|
| Deadline for WFX to remit the Gross Settlement Amount to the Settlement Administrator | Within 14 days after the Effective Date |
| Deadline for Settlement Administrator to make payments under the Settlement to Class Participants, Plaintiffs for the Service Award, Class Counsel for attorneys' fees and costs, and itself for settlement administration expenses | Within 14 days after the Effective Date |
| Deadline for Settlement Administrator to redistribute uncashed check funds to Class Participants | As soon as practicable after the 180-day check-cashing deadline for individual settlement payments |
| Deadline for Settlement Administrator to revert uncashed check funds to *cy pres* recipient | As soon as practicable after the check-cashing deadline for redistribution checks |

20.     The Court hereby orders that the Parties shall effectuate the Settlement pursuant to its terms.

21. The Court hereby orders that all claims that are released as set forth in the Settlement shall be barred as of the Effective Date, pursuant to the terms of the Settlement.

22. The Court permanently enjoins all of the Class Members who did not timely exclude themselves (opt-out) from the Settlement from pursuing, or seeking to reopen, any Released Claims (as defined in the Settlement at Paragraph I.30 and the Class Notice at Section VI) against any of the "Releasees" (as defined in the Settlement at Paragraph I.31 and the Class Notice at Section VI) as of the Effective Date.

23. The Court dismisses the above-captioned Action with prejudice and will enter Judgment consistent with the Settlement and this Order.

24. The Court shall retain jurisdiction to enforce the terms of the Settlement.

**IT IS SO ORDERED** this 3rd day of November 2023.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE